EL MENOR ANGEL MARÍA ALVAREZ, ASISTIDO Y REPRESENTADO POR SU PADRE CRISTÓBAL ALVAREZ, demandante y apelante, *v.* THE SANTA ISABEL SUGAR CO., demandada y apelada.

No. 4160.—*Visto:* Junio 2, 1927. *Resuelto:* Julio 7, 1927.

1. NEGLIGENCIA—ACTOS U OMISIONES CONSTITUTIVAS DE NEGLIGENCIA—SUBSTANCIAS PELIGROSAS, MAQUINARIAS Y OTROS ''INSTRUMENTALITIES'' — COSAS ATRACTIVAS A LOS NIÑOS—TRENES DE CARGA—FALTA DE EMPLEADOS O MEDIOS PARA EVITAR QUE LOS NIÑOS MONTEN.—Un tren en movimiento, cargado con caña, al cruzar un camino público en un vecindario más o menos poblado, sin empleados que vigilen u otros medios para evitar que los niños traten de montarse a los vagones mientras están caminando, no es *per se* un atractivo *(attractive nuisance).*

2. FERROCARRILES—EXPLOTACIÓN *(Operation)*—DAÑOS A PERSONAS AUTORIZADAS *(Licencees)* O TRANSGRESORES *(Trespassers)* EN GENERAL—ACCIONES POR DICHOS DAÑOS—DE LA DEMANDA—SU SUFICIENCIA—CASO DENTRO DE LA DOCTRINA DEL ''LAST CLEAR CHANCE''.—Una demanda que alega que el demandante, un transgresor *(trespasser)* mientras trataba de subir a un tren de carga fué atrapado sobre la vía por uno de los vagones y que tal accidente fué debido a la culpa, negligencia y descuido de la demandada, sus agentes o empleados en cuanto a que no obstante el hecho de haber caído el demandante y el haberse dado cuenta los empleados de la demandada de su caída, dichos vagones continuaron caminando en tal forma que si los mismos hubieran sido parados inmediatamente, entonces el demandante no hubiera recibido las lesiones de que ahora se queja, no expresa hechos suficientes para hacer que el caso caiga dentro de la doctrina de la última oportunidad para evitar el accidente *(last clear chance).*

SENTENCIA de *Angel Acosta Quintero,* J. (Ponce), desestimando la demanda, sin costas. *Confirmada.*

*Leopoldo Tormes,* abogado del apelante; *José Tous Soto,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

[1] La demanda enmendada alega en síntesis que la demandada era dueña de unos vagones que corrían sobre vías tendidas en un camino vecinal a través de terrenos de la demandada, extendiéndose al cruce de una carretera pública; que los mencionados carros constituían un atractivo para niños dada su naturaleza y la manera de operarlos y de cargarlos con caña de azúcar; que el demandante, un niño de trece años de edad, trató de montarse en uno de dichos vagones mientras estaba caminando por dicho cruce y fué atrapado sobre la vía por dicho vagón, recibiendo una herida que culminó en la amputación de su pierna derecha; que el referido accidente se debió exclusivamente a la culpa, descuido y negligencia de la demandada y de sus agentes, subalternos y empleados, consistiendo la dicha negligencia, entre otras cosas, (*a*) en no tener una persona o ningún otro medio la demandada para evitar que menores de edad se subieran a dichos vagones por el atractivo que los mismos constituían o para evitar el accidente en cuestión, mientras cruzaran una vía pública en un sitio de mucho tráfico y en un vecindario profusamente poblado; y (*b*) en que no obstante el hecho de haber caído el demandante y haberse dado cuenta los empleados de la demandada de su caída, dichos vagones continuaron caminando en tal forma que si los mismos hubieran sido parados inmediatamente, entonces el demandante no hubiera recibido las lesiones de que ahora se queja.

La corte inferior declaró con lugar una excepción previa de que la demanda no aduce hechos para determinar una causa de acción y por ser la misma ambigua y dudosa. El

demandante no quiso enmendar sus alegaciones y solicitó que se dictara la correspondiente sentencia.

La teoría del apelante parece ser que un tren en movimiento, con varios vagones cargados de caña, al cruzar una vía pública es un atractivo (*attractive nuisance*). No estamos preparados en estos momentos para llegar a sostener esto.

[2] Evidentemente, no hay indicación ni lugar para que se haga una inferencia razonable de que los empleados de la demandada tuvieran tiempo u oportunidad para detener el tren después de haber visto caer al niño y antes de que recibiera la lesión. Por el contrario, hubiera sido difícil descartar la idea de la última oportunidad para evitar el accidente (*last clear chance*) más eficazmente de lo que se hizo según la forma en que está redactada la subdivisión (*b*) de la última alegación, *supra*.

*Debe confirmarse la sentencia apelada.*